**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DANIELLE C., | : | CIVIL CASE NO. |
|    Plaintiff, | : | 3:22-cv-00448 (JCH) |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
|    COMMISSIONER OF SOCIAL | : | DECEMBER 15, 2022 |
|    SECURITY | : | |
|    Defendant. | | |

**RULING ON PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER (DOC. NO. 14) AND DEFENDANT'S MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER**

**I.     INTRODUCTION**

Plaintiff Danielle C. ("Danielle") brings this action under title 42 of section 405(g) of the United States Code, appealing the final determination of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits and supplemental security income.  See Motion for Order to Reverse the Decision of the Commissioner or Remand for Rehearing ("Pl.'s Mot.") (Doc. No. 12); Memorandum in Support of Motion for Order Reversing the Decision of the Commissioner or Remanding for Rehearing ("Pl.'s Mem.") (Doc No. 12–1).  Plaintiff moves this court to reverse the Decision of the Commissioner or, in the alternative, remand the case for a hearing.  See Pl.'s Mem. at 2.  The Commissioner cross-moves for an order affirming that Decision.  See Motion to Affirm the Decision of the Commissioner ("Def. Mot.") (Doc. No. 15).  Also pending before the court is Danielle's Motion for Leave to file a statement of facts in excess of the 20-page limit (Doc. No. 12–2).

1

For the reasons stated below, the Motion to Reverse the Decision of the Commissioner or Remand for Rehearing (No. 14) is granted and the Commissioner's Motion to Affirm (Doc. No. 14) is denied.  Furthermore, Danielle's Motion for Leave (Doc. No. 12–2) is granted.

## II.     BACKGROUND

Danielle initially applied for Disability Insurance Benefits and Supplemental Security Income Benefits on September 28, 2017.  See Administrative Record ("AR") at 228–29, 232–33.  These claims were denied on February 6, 2018, and upon reconsideration, on June 25, 2018.  AR at 166, 178.  Danielle then filed a request for hearing on June 28, 2019.  AR at 187–88.  On December 4, 2018, the hearing was held before Administrative Law Judge ("ALJ") Eskunder Boyd in New Haven, Connecticut.  AR at 34–67.  Later that month, the ALJ concluded that Danielle was not disabled under the Social Security Act.  AR at 1076–95.  Danielle then filed a Request for Review by the Appeals Council, which was denied on March 4, 2019.  AR at 1096–1101.  An appeal was then filed with this court, which granted the Motion to Reverse the Decision of the Commissioner and remanded the case to the Social Security Administration for further proceedings.  AR at 1054–66.

Upon remand, another hearing on Danielle's application was held on October 16, 2020.  AR at 1011–47.  Two months later—on December 16, 2020—ALJ David Romeo issued a written Decision that once again determined Danielle was not disabled, as defined by the Social Security Act.  AR at 1102–31.  The ALJ's Decision was appealed to the Appeals Council, which remanded the case for another hearing due to the failure to fully incorporate and consider Danielle's subsequent claim filed on May 7, 2019.  AR

at 1132–36.  A third hearing was held on May 12, 2021.  AR at 970.  On June 3, 2021, ALJ Boyd concluded once more that Danielle was not disabled under the Social Security Act.  AR at 939–69.  Danielle submitted written exceptions to the decision to the Appeals Council, which issued an order on February 16, 2022, finding that the plaintiff is not disabled.  AR at 929–38.  That Order is the final decision of the Commissioner and was subsequently appealed to this court.

The court otherwise assumes familiarity with the Administrative Record ("AR") in this case and adopts the undisputed but supported facts as stated by the parties in their Joint Statement of Material Facts.  See Plaintiff's Medical Chronology ("Pl.'s Material Facts") (Doc. No. 12–3); Defendant's Response to Plaintiff's Statement of Facts ("Def.'s Resp. to Material Facts") (Doc. No. 15–2); Defendant's Supplemental Statement of Facts ("Def.'s Suppl. Material Facts") (Doc. No. 15–2).

## III.   STANDARD

The ALJ follows a five-step evaluation to determine whether a claimant is disabled within the meaning of the Social Security Act.  At the first step, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity.  If not, the Commissioner proceeds to the second step and considers whether the claimant has a "severe impairment" which limits her mental or physical ability to do basic work activities.  If the claimant has a "severe impairment", the Commissioner proceeds to step three and asks whether, based solely on the medical evidence, the claimant has an impairment listed in Appendix 1 of the Regulations.  See 20 C.F.R. § 416.920(a)(4).  If the claimant has one of these enumerated impairments,

the Commissioner will automatically consider that claimant disabled, without considering vocational factors such as age, education, and work experience.  Id.

If the impairment is not "listed" in the Regulations, the Commissioner proceeds to step four and asks whether, despite the claimant's severe impairment, she has the Residual Functional Capacity ("RFC") to perform past work.  At step five, the Commissioner determines whether there is other work the claimant could perform.  Id.  To be considered disabled, an individual's impairment must be "of such severity that [s]he is not only unable to do [her] previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).  The Commissioner bears the burden of proof on the fifth step, while the claimant has the burden on the first four steps.  See McIntyre v. Colvin 758 F.3d 146, 150 (2d Cir. 2014).

Under section 405(g) of title 42 of the United States Code, the district court may not review de novo an ALJ's Decision as to whether the claimant was disabled.  See Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998).  The court's review of the Commissioner's Decision "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013) (citation omitted); see also 42 U.S.C. § 405(g).  "Substantial evidence" requires "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive, and the court will not substitute its judgment in this regard for

that of the Commissioner.  42 U.S.C. § 405(g); see also Yancey v. Apfel, 145 F.3d 106, 111 (2d Cir. 1998).

## IV.     DISCUSSION

Danielle argues that she should have been found disabled at step five because the vocational expert's testimony is incompatible with her Residual Functional Capacity ("RFC").  Pl.'s Mem. at 20.  The Commissioner, by contrast, argues that the vocational expert's testimony was sufficient to support the ALJ's conclusion that Danielle could perform other work.  Def.'s Mem. at 22.

According to the ALJ, Danielle has several severe impairments, including Lumbosacral Spondylosis, a meniscus tear, Lyme disease, fibromyalgia, migraines, and obesity.  AR at 945.  The ALJ also determined that Danielle has the RFC to perform sedentary work, subject to additional limitations.  Specifically, Danielle requires:

> [A] sit/stand option: sit for 30 minutes, alternate to standing position for 5 minutes, then resume sitting.  The claimant can never climb ladders, ropes or scaffolds.  She can occasionally climb stairs and ramps.  She can occasionally balance, stoop, and crouch.  The claimant can never kneel or crawl.  She can engage in occasional overhead reaching.  The claimant can frequently handle/finger.  She cannot work in exposure to cold.  She needs the use of a cane for ambulation.

AR at 949.  At step five, the ALJ relied on the vocational expert to assess whether jobs exist in the national economy for a person of Danielle's age (41), education (high school diploma), work experience (certified nurse assistant/nurse's aide), and RFC.  AR at 954–55.  In particular, the ALJ represented the vocational expert's testimony as asserting that a person with all of Danielle's characteristics and limitations could perform the roles of Final Assembler, Document Preparer, and Addressing Clerk.  Id. at 955.  While the ALJ's Decision acknowledges that the DOT does not address Danielle's need

for a sit/stand option in describing these positions, he overcomes this obstacle by asserting that the vocational expert used her "professional experience to describe job availability with th[e] additional factor[ ]." Id.  On the basis of this testimony alone, the ALJ concluded that Danielle is not disabled because she is capable of performing work that exists in significant numbers in the national economy.  Id.

The ALJ's characterization of the vocational expert's testimony is undermined by the transcript of the hearing.  Upon questioning by plaintiff's counsel, the vocational expert conceded that the jobs mentioned do not have a sit/stand option, but rather present the employee with the opportunity to walk around as a business-need arises. AR at 1004.  Not only does this appear to be contrary to the RFC, but it does not consider what would happen if no business need presented itself.  As the vocational expert noted, if the sit/stand option was interpreted as being at will—a change to the standing position every thirty minutes as her pain requires and as the RFC appears to contemplate—then she "couldn't do these occupations. . . ." Id. at 1005.  Because the jobs could not be performed standing at her workstation when the pain required a new position, it is also worth highlighting that Danielle could not use the five-minute adjustment periods as a break as that would result in too much time off task.  Id. at 1008.  So, in the absence of a business need to ambulate, Danielle could not perform the roles of Final Assembler, Document Preparer, and Addressing Clerk.

Moreover, the vocational expert's testimony raises the prospect of another factor that could undermine the ALJ's determination that there are jobs available to Danielle: work absences.  When the ALJ asked about the consequences of missing three to four workdays a month, the vocational expert made clear that anything more than one is

"grounds for termination." Id. at 1001. Yet, evidence in the record calls into question Danielle's ability to meet that requirement. In his medical source statement, Dr. Louis Telesford—Danielle's primary care provider—opined that the plaintiff is likely to be absent from work more than twice a month. AR at 2572. According to the ALJ's Decision, this report was deemed "partially persuasive," though the discussion of the medical source statement does not address Dr. Telesford's assessment of Danielle's absenteeism.[1]  See AR at 953.

Ultimately, the burden is on the Commissioner at step five to show that "there is other work that [the claimant] can perform." Brault v. Soc. Sec. Admin., 683 F.3d 443, 445 (2d Cir. 2012). A vocational expert's testimony is useful only "if it addresses whether the particular claimant, with [her] limitations and capabilities, can realistically perform a particular job." Aubeuf v. Schweiker, 649 F.2d 107, 114 (2d Cir. 1981). Because the court does not believe the vocational expert's testimony fully and realistically addresses Danielle's ability to perform the roles of Final Assembler, Document Preparer, and Addressing Clerk, it is not persuaded that the Commissioner has carried her burden.

In light of the Commissioner's failure to carry her burden at step five, the court must decide whether to remand for further proceedings or solely for calculation of benefits. Torres v. Colvin, 2017 WL 1734020, at *3 (D. Conn. May 3, 2017). Remand for further proceedings is appropriate where there are gaps in the record or the ALJ has applied the wrong standard, but remand for calculation of benefits is proper when "the

---

[1] A prior ALJ Decision written by a different ALJ discussed Dr. Telesford's conclusion before finding the doctor's full report "not entirely persuasive." See AR at 1119. However, this earlier analysis by ALJ Romeo was not adopted—or even discussed or referenced—by ALJ Boyd.

7

record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980).  While distressing, the five-year delay alone is not sufficient reason to remand solely for a benefit calculation.  See Bush v. Shalala, 94 F.3d 40, 46 (2d Cir. 1996) (concluding that a ten-year delay alone "is an insufficient basis on which to remand for benefits" absent a finding that the claimant was "actually disabled").  Given the ambiguity clouding the vocational expert's testimony, there is utility to further evidentiary proceedings.  Thus, the court remands the case for such proceedings.

### V.     CONCLUSION

For the reasons stated above, the court grants plaintiff's Motion and denies defendant's Motion.  The case is remanded to the ALJ for proceedings consistent with this Ruling.  Because the court concludes that the ALJ's error at step five warrants remand, it need not consider the other issues raised by Danielle.

**SO ORDERED.**

Dated at New Haven, Connecticut this 15th day of December 2022.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge